IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40876
Summary Calendar
_____


MYRON C. DAGLEY,

                                        Plaintiff-Appellant,


versus

CITY OF COLLINSVILLE, TEXAS, ET AL.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 4:95-CV-73
_____

August 22, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]


    Myron C. Dagley appeals the grant of summary judgment for the
defendants-appellees in his civil rights suit arising from his
arrest and the impoundment of his vehicles on November 23, 1994.
Dagley does not challenge the district court's imposition of

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sanctions. Therefore, any such issue is deemed abandoned on appeal. See Eason v. Thaler, 14 F.3d 8, 9 n.1 (5th Cir. 1994).

We have reviewed the record and the appellate briefs, and we find no error in the district court's grant of summary judgment. Dagley's argument concerning judicial bias by the district court is without merit. See Liteky v. United States, 114 S.Ct. 1147, 1157-58 (1994). Dagley's appeal is without arguable merit and thus frivolous. See 5th Cir. R. 42.2. The appeal is DISMISSED.

The defendants-appellees represented by Mr. James C. Tidwell move for sanctions pursuant to Fed. R. App. P. 38. In the light of the frivolousness of the appeal, the frivolous documents filed by Dagley that purport to transfer this appeal, and Dagley's failure to heed our direction given in Dagley v. Rutherford, No. 95-40903, slip op. at 2 (5th Cir. May 8, 1996), to review all pending appeals to ensure that they are not frivolous, the motion for sanctions is GRANTED. Mr. Tidwell and counsel for D.F.P., L.C., d/b/a Frank's Body Shop, are directed to submit, within 20 days, an itemized list of appellate costs and attorney's fees for this court's determination of the monetary sanction.

Finally, IT IS ORDERED that Dagley is directed to show cause, within 20 days, why the defendants-appellees should not be awarded attorney's fees and costs in this appeal.

APPEAL DISMISSED; SANCTIONS IMPOSED, WITH DIRECTION TO THE LITIGANTS.